

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-14-469

| | |
|---|---|
| | **Opinion Delivered** October 22, 2014 |
| TINA NGUYEN and JOHNNY HOANG<br>APPELLANTS | APPEAL FROM THE SEBASTIAN<br>COUNTY CIRCUIT COURT, FORT<br>SMITH DIVISION |
| V. | [No. JV-2012-750] |
| ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES and MINOR<br>CHILDREN | HONORABLE JIM D. SPEARS, JUDGE |
| APPELLEES | AFFIRMED; MOTIONS TO BE<br>RELIEVED GRANTED |

## LARRY D. VAUGHT, Judge

Attorneys for Johnny Hoang and Tina Nguyen bring two no-merit appeals, with accompanying motions to be relieved as counsel, from an order entered by the Sebastian County Circuit Court on February 28, 2014, terminating the parental rights to Nguyen's biological children EO (4-8-11), XM (12-10-05), and CN (2-20-08). Hoang is one (of two) putative fathers to CN and all three children's stepfather. In their briefs, filed in accordance with Ark. Sup. Ct. R. 6-9(i)(1) (2013) and *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), counsel states that there is no issue of arguable merit for reversal. We agree and affirm.

In December 2012, the Department of Human Services (DHS) placed a seventy-two-hour hold on the children due to physical abuse by Hoang and failure to protect the children by Nguyen. The supporting affidavit states that there were belt marks on XM's left, upper thigh, and a golf-ball-sized knot on the back of his head. At the time of the abuse, Hoang and Nguyen

were not married but were living together. Hoang was ultimately convicted of second-degree battery for the injuries to XM and sentenced to two years' imprisonment. In February 2013, the children were adjudicated dependent-neglected due to Hoang's physically abuse and Nguyen's failure to protect her children from him. Hoang was also named as a possible biological father of CN.

Hoang appeared at the November permanency-planning hearing, having been released from jail, and as the new husband of Nguyen. The trial court found little chance that services to the family would result in successful reunification because Nguyen maintained that Hoang's abuse was for the children's own good (ignoring that he was criminally culpable for the abuse). The trial court reasoned that because of Nguyen's total denial about her husband's abuse of the children, the children would not be safe if returned to the home.

After hearing the evidence, the trial court found by clear and convincing evidence that (1) the children were dependent-neglected and had been out of the home for twelve months; (2) the conditions that caused removal had not been remedied despite a meaningful effort by DHS to rehabilitate the parents and correct the conditions that caused removal; (3) the putative fathers had abandoned the children; (4) other factors had arisen since the filing of the initial petition that demonstrated the children's safety, health, and welfare were in jeopardy; and (5) it was in the children's best interest to terminate the parental rights of Nguyen and Hoang considering the likelihood of the children's adoption and the potential harm they could suffer if returned home. Based on these findings, the trial court entered an order terminating the parental rights of Hoang

and Nguyen. The parents' counsel have filed separate no-merit briefs and accompanying motions to be relieved as counsel.

A trial court's order terminating parental rights must be based on findings proven by clear and convincing evidence. *Ullom v. Ark. Dep't of Human Servs.*, 67 Ark. App. 77, 992 S.W.2d 813 (1999). Clear and convincing evidence is defined as the degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. *Id.* at 80, 992 S.W.2d at 815. On appeal, we will not reverse the trial court's ruling unless its findings are clearly erroneous. *Brewer v. Ark. Dep't of Human Servs.*, 71 Ark. App. 364, 43 S.W.3d 196 (2001). A finding is clearly erroneous "when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made." *Hopkins v. Ark. Dep't of Human Servs.*, 79 Ark. App. 1, 4, 83 S.W.3d 418, 421 (2002).

The purpose in terminating a parent's rights to his or her child is to provide permanency in a child's life when return to the family home "cannot be accomplished in a reasonable period of time as viewed from the juvenile's perspective." Ark. Code Ann. § 9-27-341(a)(3) (Repl. 2011). A trial court may order termination of parental rights if it finds that there is an "appropriate permanency plan" for the child, Ark. Code Ann. § 9-27-341 (b)(1)(A), and further finds by clear and convincing evidence that termination is in the best interest of the child, taking into consideration the likelihood of adoption and the potential harm to the health and safety of the child that would be caused by returning him or her to the custody of the parent. Ark. Code Ann. § 9-27-341(b)(3)(A). Lastly, there must be clear and convincing evidence supporting one or more of the legislatively mandated statutory grounds. Ark. Code Ann. § 9-27-341(b)(3)(B).

SLIP OPINION

Counsel for Hoang argues that there is no basis for Hoang's appeal because the trial court's termination findings are supported by the evidence. We agree. The children were removed based on his physical abuse of the children; he was criminally charged for the conduct; he was required to be supervised when around the children; he did not benefit from a therapy program he attended; he showed little empathy for the children; he was married to Nguyen, who would not protect the children; he exhibited extremely poor parenting skills; the children required high levels of therapy for the trauma XM suffered at his hands; and the psychological evaluations indicated he was still a potential abuser. These factors also support the best-interest finding, specifically, Hoang's failure to acknowledge that the abuse is wrong.

There were three additional rulings adverse to Hoang that counsel claims would not support a meritorious appeal on his behalf. First, Hoang objected to Nguyen's being asked a second time if Hoang had hit her as "asked and answered." However, with her "no" response, there was no harm. Second, the court overruled a relevancy objection by Nguyen's counsel relating to the ad litem's question to Nguyen why Hoang pled guilty to battery, if he was not an abuser. Nguyen responded that he did it "because he loves me" and "he'd do anything for me." This testimony was permissible under Arkansas Rules of Evidence 701 because it is non-expert testimony that provides a clearer understanding of a witness's testimony or a fact at issue. Finally, the court sustained the ad litem's objection when Hoang's counsel asked a DHS caseworker if a glitch in the system had prevented Hoang from getting the recommended counseling. She responded that she had not heard of the problem until it was brought up in trial. In light of the other strong evidence, any error related to this testimony was harmless.

The termination of Nguyen's parental rights to her children also presents no meritorious ground for appeal. Although she did not directly harm the children, she consistently failed to protect them and denied the abuse even in the face of Hoang's criminal prosecution. All other evidence supporting termination was the same, including her inability to sympathize with the children's suffering. The trial court also found under the best-interest finding that the children needed a "clean break" from Nguyen to help them recover emotionally. Therefore, we hold that the termination of Nguyen's parental rights presents no meritorious ground for appeal as it was fully supported by the evidence.

As to other rulings adverse to Nguyen, the first involved an objection to the appointment of a special advocate for the children. However, the basis for the objection is not clear because Nguyen did not object to the special advocate's accompanying report; therefore, this adverse ruling could not support an appeal. Second, there was an "asked and answered" objection during the testimony, but no ruling was received on the objection; therefore, it is not appealable. Third, as previously discussed, the "speculation" objection as to the ad litem's questioning of Nguyen about why Hoang would plead guilty if he was in fact not an abuser fits within the parameters of Rule 701 and is therefore not a meritorious ground for appeal.

After a review of the record and briefs submitted in this case and all applicable case and statutory law as required by *Linker-Flores*, we agree with counsel's assertion that this appeal presents no potentially meritorious issues that could arguably support the parties' appeals. Therefore, the two orders terminating parental rights are affirmed, and the motions to be relieved filed by counsel for Hoang and Nguyen are granted.



Affirmed; motions to be relieved granted.

GRUBER and WHITEAKER, JJ., agree.

*Leah Lanford*, for appellant Tina Nguyen.

*Dusti Standridge*, for appellant Johnny Hoang.

No response.